IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MANUEL and CHERYL ANDERSON, Husband and Wife, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>STATE FARM FIRE AND CASUALTY COMPANY, )<br>)<br>Defendant. ) | Case No. CIV-22-991-D |

## ORDER

Before the Court is Plaintiffs' Opposed Motion to Amend Complaint or, in the Alternative, to Include the Claim of Breach of the Duty of Good Faith and Fair Dealing, Damages for this Breach, and Punitive Damages on the Final Pretrial Order [Doc. Nos. 53 (redacted), 58]. Defendant filed a Response [Doc. No. 66], and Plaintiffs filed a Reply [Doc. No. 69]. The matter is fully briefed and at issue.

FED. R. CIV. P. 15(a)(2) provides that leave to amend should be freely given "when justice so requires." Generally, denying leave to amend is justified only "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under FED. R. CIV. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Rule

1

16(b) "requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Gorsuch*, 771 F.3d at 1240 (quotations omitted).

Plaintiffs filed their motion for leave to amend on January 12, 2024, seeking to add a claim of bad faith and request for punitive damages to their complaint. Per the Scheduling Order [Doc. No. 11], the deadline to amend pleadings was February 14, 2023. The parties' dispositive motion deadline was December 14, 2023, and the discovery period closed on January 4, 2024 [Doc. Nos. 28, 42]. Plaintiffs contend that they first obtained evidence supporting a claim for bad faith when adjusters Johnny Gage and David Camp were deposed on September 17, 2023. Plaintiffs further allege that defense counsel did not decline to mark either deposition transcript as confidential until November 17, 2023, and that Plaintiffs did not receive two pages of Defendant's "Operating Guidelines" [OGs] from Defendant until December 7, 2023.

Even if Plaintiffs did not discover evidence of bad faith until the September 17 depositions, Plaintiffs have not shown good cause for failing to seek leave to amend until January 12, 2024: nearly one year after the deadline to seek amendments; one month after the dispositive motion deadline; and after the discovery period closed on January 4. First, the e-mails attached to Plaintiffs' motion reflect that defense counsel relayed their decision to not mark either deposition transcript as confidential the same day Plaintiffs' counsel inquired [Doc. No. 53-2]. Next, the Court is confident that Plaintiffs could have adequately prepared a motion for leave prior to receiving the OGs on December 7, 2023, and certainly before the discovery period closed on January 4, 2024. Rather than moving for leave to amend their complaint in October or November of 2023, Plaintiffs instead chose to prepare

2

and file a new state-court petition against Defendant, which is substantively identical to Plaintiffs' proposed amended complaint [Doc. No. 66-1].[1] Considering these circumstances, the Court finds that Plaintiffs have not shown good cause to grant their untimely request to amend, and there was undue delay in filing the present motion.

The Court also finds that granting leave to amend at this stage of proceedings would unduly prejudice Defendant. Although Plaintiffs assert that *they* would not seek additional discovery on the proposed bad faith claim, the question is whether Defendant would be unduly prejudiced. By the time Plaintiffs filed their motion to amend, the discovery period had closed, Defendant had already filed a motion for summary judgment on Plaintiffs' sole breach of contract claim, and Plaintiffs had filed a response to Defendant's motion for summary judgment. Defendant asserts that Plaintiffs' proposed amendment would require Defendant to re-open discovery, re-take depositions, and prepare a new dispositive motion on Plaintiffs' bad faith claim. Based on the foregoing circumstances, the Court finds that justice does not require granting Plaintiffs leave to amend their complaint.

Alternatively, Plaintiffs request that they be granted leave to add a bad faith claim and request for punitive damages to the pretrial report, citing *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) (quotations and citation omitted) ("When an issue is set forth in the pretrial order, it is not necessary to amend previously filed pleadings because the pretrial order is the controlling document for trial."). However, the fact that the pretrial

---

[1] The Court takes judicial notice of Plaintiffs' Petition, filed November 17, 2023, in Oklahoma County District Court, *Anderson v. State Farm*, CJ-2023-06577.

order is controlling does not circumvent Rules 15(a) or 16(b). In fact, the *Wilson* court emphasized that a party seeking to add a claim or defense to a pretrial order should do so with specificity to "provide the trial court with a fair opportunity to consider whether to approve or deny what is obviously an attempt to amend the pleadings at a rather late date." *Wilson*, 303 F.3d at 1216 (citing FED. R. CIV. P. 15(a)). Here, because the Court finds that Plaintiffs failed to show good cause, acted with undue delay, and that Defendant would be unduly prejudiced by the proposed amendment, Plaintiffs will not be permitted to add a bad faith claim or request for punitive damages to the pretrial report.

**IT IS THEREFORE ORDERED** that Plaintiffs' Opposed Motion to Amend Complaint or, in the Alternative, to Include the Claim of Breach of the Duty of Good Faith and Fair Dealing, Damages for this Breach, and Punitive Damages on the Final Pretrial Order [Doc. Nos. 53, 58] is **DENIED.**

**IT IS SO ORDERED** this 18th day of March, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge