IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MANUEL ANDERSON and CHERYL ANDERSON, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) )   Case No. CIV-22-991-D ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiffs' Motion to Compel [Doc. No. 40]. Defendant filed a response [Doc. No. 47]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiffs allege that their property suffered storm damage on or about October 14, 2021, during the term of Plaintiffs' home insurance policy issued by Defendant. Plaintiffs submitted a property damage claim to Defendant, which was investigated and denied. According to Defendant, the estimate to repair the recent storm damage to Plaintiffs' property did not exceed the policy deductible. Defendant inspected the property in November of 2021 and did not find any other evidence of recent damage. After hiring a third-party engineer to inspect the property, Defendant asserts that the alleged roof damage resulted from a storm in 2015 or earlier, well before the term of Plaintiffs' insurance policy.

Plaintiffs brought this breach-of-contract action against Defendant for failing to pay for losses that Plaintiffs allege are covered under their insurance policy. Plaintiffs did not

allege that Defendant had breached its duty of good faith and fair dealing [Doc. No. 1-2]. After the discovery period had closed, and a month after Defendant had filed its response to Plaintiffs' motion to compel, Plaintiffs moved to amend their complaint to add a claim of bad faith [Doc. No. 53]. The Court denied Plaintiffs' motion for leave to amend for the reasons stated in its previous Order [Doc. No. 71].

In the present motion, Plaintiffs move pursuant to FED. R. CIV. P. 37 for an order compelling Defendant to respond fully to three requests for production: RFP Nos. 10, 11, and 15.[1]

## LEGAL STANDARD

Pursuant to FED. R. CIV. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." The considerations that bear on proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Thus, relevance for purposes of discovery remains broader than relevance for purposes of trial admissibility. Discovery is not, however, intended to be a "fishing expedition." *McGee v. Hayes*, 43 F. App'x 214, 217 (10th Cir. 2002). "[B]road discovery is not without limits and

---

[1] Per Defendant's response [Doc. No. 47], the parties have resolved their dispute as to RFP Nos. 13 and 14.

the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quotations and citation omitted). When the request is overly broad, or relevance is not clear, the party seeking the discovery has the burden to show the relevance of the request. *Design Basics, L.L.C. v. Strawn*, 271 F.R.D. 513, 523 (D. Kan. Nov. 17, 2010).

## DISCUSSION

### I. Request for Production No. 10

Defendant objects to producing any documents in response to RFP No. 10, which requested:

> **Request No. 10:** Produce all documents, for the past five years, that pertain to disciplinary actions and/or performance reviews associated with claims handling and/or performance involving Johnny Gage, David Camp, Jack Buben, and any other person who investigated or adjusted the claim made the basis of this Lawsuit.

[Doc. No. 40, at 2]. Plaintiffs argue that the personnel documents are relevant to "the issue of whether Jack Buben and/or David Camp knew, understood, and correctly interpreted and applied the terms of the insurance contract…." [Doc. No. 40, at 10]. In response, Defendant contends that the personnel records pertaining to "disciplinary actions and/or performance reviews associated with claims handling" are irrelevant to Plaintiffs' sole breach of contract claim. Outside the context of bad faith, Defendant argues that its claim handling is not at issue and that Plaintiffs' request for personnel records is a mere fishing expedition.

Personnel files are regarded as private and contain material which employees regard as confidential, and courts must be cautious in ordering their disclosure. *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008) ("[P]ersonnel files often contain sensitive personal information, … and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly."). Although "[t]his is not to say personnel files are categorically out-of-bounds," the "Supreme Court has underscored that the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery [to protect] a party or person from annoyance, embarrassment, [or] oppression…." *Id.* at 648-49 (citing *Herbert v. Lando*, 441 U.S. 153, 177 (1979)) (quotations omitted).

The Court finds that Plaintiffs have failed to show that personnel records related to claims handlers' performance reviews and disciplinary actions are relevant to their sole breach of contract claim. In this lawsuit, Plaintiffs have alleged that Defendant "breached the insurance contract by failing to pay for damages to their property that were the result of a loss covered by the Policy." [Doc. No. 1-2, at 2]. At issue is whether Defendant breached the insurance contract by failing to pay for damages resulting from a covered loss, not Defendant's employees' performance reviews and disciplinary actions. *See Souza v. Erie Ins. Co.*, 2024 WL 1075299, at *2 (N.D. Ill. Mar. 12, 2024) (since the insured had not alleged bad faith, she had failed to explain how documents pertaining to Erie's handling of other claims, business practices, and personnel information weighed on "whether Erie breached the insurance contract by failing to provide coverage to [the insured] under the

property policy at issue."). Accordingly, Plaintiffs' motion to compel is denied as to RFP No. 10.[2]

## II. Request for Production Nos. 11 and 15

Plaintiffs also sought the following documents via RFP Nos. 11 and 15:

> **Request No. 11:** Produce all documents relating to the knowledge, education, and experience of Johnny Gage, David Camp, Jack Buben, and any other person who investigated or made decisions regarding the Plaintiffs' claim, making certain to specify the source and breadth of his or her knowledge, education, and experience.
>
> **Request No. 15:** Produce the documents, manuals, and training materials, including audio and/or videotapes used in training, overseeing, or supervising Your personnel employed in adjusting storm property claims in Oklahoma in effect on the date the instant claim was reported.

[Doc. No. 40, at 2, 5].

Defendant argues that RFP Nos. 11 and 15 do not seek relevant information because the knowledge, education, experience, and training of Defendant's employees do not bear on whether the damage to Plaintiffs' home occurred during the term of the policy or many years beforehand. Defendant submits that it has produced all information specific to Plaintiffs' insurance claim and policy, and has since produced Defendant's internal operating guidelines (OGs) for wind and hail claims. Given this production, Defendant argues that Plaintiffs have all information relevant to their allegation that Defendant failed to pay Plaintiffs for a covered loss under the policy.

---

[2] As Defendant points out, all cases upon which Plaintiffs rely involved claims of bad faith. Without the benefit of a reply, the Court is not sure whether (or on what grounds) Plaintiffs would contend that the cases also apply outside the context of bad faith litigation.

5

In their motion to compel, Plaintiffs argue that the requested documents are relevant to whether Defendant "accurately interpreted and applied the provisions of the insurance policy at issue." [Doc. No. 40, at 13]. Again, the cases relied upon by Plaintiffs all involved claims of bad faith, and Plaintiffs declined to respond to Defendant's assertion that the cited authorities do not apply where, as here, Plaintiffs' sole claim against Defendant is for breach of contract. Under Oklahoma law, the elements of a breach of contract claim are "(1) the formation of a contract, (2) breach of the contract, and (3) damages as a result of that breach." *Cates v. Integris Health, Inc.*, 412 P.3d 98, 103 (Okla. 2018). Simply put, Plaintiffs have not shown how documents reflecting Defendant's employees' knowledge and training are relevant to whether Plaintiffs' alleged property damage is a covered loss under Plaintiffs' insurance policy.

## CONCLUSION

For these reasons, Plaintiffs' Motion to Compel [Doc. No. 40] is **DENIED.**

**IT IS SO ORDERED** this 3rd day of May, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge