IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MANUEL ANDERSON and CHERYL ANDERSON, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. CIV-22-991-D |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Plaintiff's First Motion in Limine [Doc. No. 54]. Defendant has filed a response [Doc. No. 65]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiffs allege that their property suffered storm damage on or about October 14, 2021, during the term of Plaintiffs' home insurance policy issued by Defendant ("the Policy"). Plaintiffs submitted a property damage claim to Defendant, which was investigated and denied. According to Defendant, the estimate to repair the recent storm damage to Plaintiffs' property did not exceed the policy deductible. Defendant inspected the property in November of 2021 and did not find any other evidence of recent damage. After hiring a third-party engineer to inspect the property, Defendant asserts that the alleged roof damage resulted from a storm in 2015 or earlier, well before the term of Plaintiffs' insurance policy.

Plaintiffs brought this breach-of-contract action against Defendant for failing to pay for losses that Plaintiffs allege are covered under their insurance policy.

## LEGAL STANDARD

Although motions in limine are not formally recognized under the Federal Rules, district courts have long recognized the potential utility of pretrial rulings under the courts' inherent powers to manage the course of trial proceedings. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "A motion in limine presents the trial court with the opportunity 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Wilkins v. Kmart Corp.*, 487 F.Supp.2d 1216, 1218 (D. Kan. Apr. 10, 2007) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). Although such pretrial rulings can save time and avoid interruptions at trial, "a court is almost always better situated during the actual trial to assess the value and utility of evidence. Consequently, a court should reserve its rulings for those instances when the evidence plainly is 'inadmissible on all potential grounds' … and it should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed[.]" *Id.* (citations omitted); *see also Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. Aug. 25, 1993) ("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

Some in limine rulings, such as relevance, are preliminary in nature because the required balancing may be reassessed as the evidence is actually presented. Accordingly,

"[a] district court 'may change its ruling at any time for whatever reason it deems appropriate.'" *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir. 1996) (quoting *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995)); *see also Luce*, 469 U.S. at 41 ("The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

"A motion in limine should address specific evidence that is irrelevant, inadmissible or prejudicial. Thus, motions in limine that generally lack specificity as to particular evidence are properly denied." *Shotts v. GEICO General Ins. Co.*, CIV-16-1266-SLP, 2018 WL 4832625, at *1 (W.D. Okla. July 12, 2018) (citing *Kinzey v. Diversified Servs., Inc.*, No. 15-1369-JTM, 2017 WL 131614, at *1 (D. Kan. Jan. 13, 2017)). "Without a detailed presentation of the facts which give rise to the issue sought to be addressed by the motion in limine, a motion in limine amounts to little more than a request that the court faithfully apply the rules of evidence." *Hussein v. Duncan Regional Hospital, Inc.*, CIV-07-439-F, 2009 WL 10672480, at *1 (W.D. Okla. Oct. 20, 2009).

## DISCUSSION

**I.   Plaintiff's First Motion in Limine**

Plaintiffs ask the Court to bar Defendant from introducing in support of its defense any evidence of any provision of the Policy[1] that it did not communicate to Plaintiffs at the time of its claim determination [Doc. No. 54, at 1]. Plaintiffs also state that this

---

[1] Policy No. 36-B9-F836-0, in effect 7/21/21-7/22/22 [Doc. No. 45, at 3, ¶ 2].

motion in limine does not seek to bar Defendant from introducing evidence of the "neglect" exclusionary language, as Plaintiffs recognize a question of fact exists as to whether Defendant was aware, when it investigated Plaintiffs' claim and determined no coverage existed for the hail damage to the roofs of Plaintiffs' home and shed, of a factual basis for asserting the "neglect" exclusion. *Id.* at 1-2. Moreover, Plaintiffs take issue with Defendant's inclusion of the "wear and tear" exclusion[2] as well as the "Replacement Cost Loss Settlement" provision[3] of the Policy in Defendant's Motion for Summary Judgment. *Id.* at 2; [Doc. No. 65, at 1].

Plaintiffs further argue that the Court should apply provisions of the Oklahoma Unfair Claims Settlement Practices Act ("OUCSPA") to determine the admissibility of evidence that will be presented for Defendant's defenses to Plaintiffs' claims [Doc. No. 54, at 5].

Plaintiffs cite a litany of cases (*Id.* at 3-11) to ultimately contend that "[h]olding insurers to the information they possessed at the time they made the claim decision at issue is a basic tenet of Oklahoma bad faith law" and for that reason, Defendant should be prohibited from mentioning, arguing, soliciting evidence, or in any way attempting to inform the jury of any contractual basis for denying coverage for Plaintiffs' shed and home roofs (other than the "neglect" exclusion) that it did not memorialize in writing

---

[2] *See* [Doc. No. 45, at 3-4, ¶ 3] ("Among other exclusions, the Policy does not cover 'wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown").
[3] *See* [Doc. No. 45, at 4, ¶ 4] (the Policy covers "the cost to repair or replace with similar construction" and "until actual repair or replacement is completed, [State Farm] will pay only the *actual cash value*…up to the applicable limit of liability." (Emphasis theirs)).

4

(with citations to the relevant Policy provisions) and did not specifically assert as an affirmative defense. *Id.* at 11.

Defendant responds that Plaintiffs' motion in limine is too vague to support as a ruling in advance of trial, and the issues should wait until a real-time determination based on evidence presented by Plaintiffs to which Defendant will need to respond [Doc. No. 65, at 2]. Defendant also argues that it may not need to reference either of the two above-referred provisions, but it should not be foreclosed from doing so now.

The Court is persuaded by Defendant's arguments and agrees that it would be premature to limit evidence related to provisions of the Policy at this juncture. To the extent Plaintiffs have specific objections at trial to the introduction of certain evidence, particular exhibits, or the questioning of any witness regarding this issue, the Court will address those contemporaneous objections at the appropriate time.

Accordingly, the Court **DENIES** Plaintiffs' Motion in Limine [Doc. No. 54].

## CONCLUSION

For the reasons outlined above, Plaintiffs' Motion in Limine [Doc. No. 54] is **DENIED**.

**IT IS SO ORDERED** this 13th day of August, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge